𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘
𝖋𝖔𝖗 𝕿𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆
BEAUFORT DIVISION

| | | |
|---|---|---|
| Terry Chappell, #237559, | ) | Civil Action No. 9:07-2634-RBH-GCK |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Director of SCDC; NFN SCDC Primary Care Director; Dr. Bearden; and Tim Riley, Warden of Tyger River Correctional Institution, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

The plaintiff, Terry Chappell, acting *pro se*, has filed a Motion for Preliminary Injunction.

[4] However, the *pro se* plaintiff does not meet the tests for a preliminary injunction or

temporary restraining order enunciated in such cases as *North Carolina State Ports Authority v.*

*Dart Containerline Company*, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979). In determining

whether to grant injunctive relief prior to a trial on the merits, the court is required to consider

and balance four factors:



(a) plaintiff's likelihood of success in the underlying dispute between the parties;

(b) whether plaintiff will suffer irreparable injury if the interim relief is denied;

(c) the injury to defendant if an injunction is issued; and

(d) the public interest.

*See also Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977); and *Fort*

*Sumter Tours, Inc. v. Andrus*, 564 F.2d 1119 (4th Cir. 1977).

The two most important factors are probable irreparable injury to the plaintiff if the relief

is not granted and the likelihood of harm to the defendant(s) if the injunction is granted. *North*

*Carolina State Ports Authority v. Dart Containerline Company*, 592 F .2d at 750.  A plaintiff

does not have an automatic right to a preliminary injunction or TRO, and such relief should be

used sparingly.  The primary purpose of injunctive relief is to preserve the *status quo* pending a

resolution on the merits.  Injunctive relief that changes the status quo pending trial is limited to

cases where the "exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d

283, 286 (4th Cir. 1980).  As our United States Court of Appeals noted in *Taylor v. Freeman*, 34

F.3d 266, 268 (4th Cir. 1994):

> [I]t is well established that absent the most extraordinary circumstances, federal courts are
> not to immerse themselves in the management of state prisons or substitute their judgment
> for that of the trained penological authorities charged with the administration of such
> facilities. As the District of Columbia Circuit observed in *Inmates of Occoquan v. Barry*, 844
> F.2d 828 (D.C.Cir. 1988), "in carrying out their remedial task, courts are not to be in the
> business of running prisons. The cases made it plain that questions of prison
> administration are to be left to the discretion of prison administrators." *Id.* at 841; *see also*
> *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 200, 69 L.Ed.2d (1981)
> ("[C]onsiderations [of appropriate prison management] properly are weighed by the
> legislature and prison administration rather than a court."); *Bell v. Wolfish*, 441 U.S. 520,
> 562, 99 S.Ct. 1861, 1886, 60 L.Ed.2d 447 (1979) (disapproving trend of courts becoming
> "increasingly enmeshed in the minutiae of prison operations"); *Turner v. Safley*, 482 U.S.
> 78, 84-85, 107 S.Ct. 2254, 2259-60, 96 L.Ed.2d 64 (1987).

Therefore, it is recommended that the plaintiff's motion for a preliminary injunction

**[Entry # 4] should be denied.**

George C. Kosko
United States Magistrate Judge

October 12, 2007

Charleston, South Carolina